# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEOUL SEMICONDUCTOR CO., LTD., a
and SEOUL VIOSYS CO. LTD,

        Plaintiffs,

        v.

HAWTHORNE GARDENING COMPANY,

        Defendant.

C.A. No. 25-444-JNR

## DEFENDANT HAWTHORNE GARDENING COMPANY'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT

Defendant Hawthorne Gardening Co. ("HGC" or "Defendant") answers Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. ("Plaintiffs" or "Seoul") Complaint (D.I. 1) ("Complaint") as follows.

HGC denies that Seoul is entitled to the relief requested, or any other relief. HGC further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follows from the facts as admitted.

## NATURE OF THE ACTION

1.    HGC admits that an LED converts electrical energy into light and this action concerns LEDs.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, on that basis, denies such allegations.

2.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies such allegations.

- 1 -

ME1 53375657v.1

- 2 -

3.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, on that basis, denies such allegations.

## THE PARTIES

4.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies such allegations.

5.      HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, on that basis, denies such allegations.

6.      HGC admits it is a Delaware corporation with a registered agent The Corporation Trust Company.  HGC denies the remaining allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.      HGC admits the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*.  The remainder of Paragraph 7 states legal conclusions to which no response is required.

8.      HGC admits that it is incorporated and organized in Delaware. The remainder of Paragraph 8 states legal conclusions to which no response is required.

9.      HGC admits that venue in this district is proper, although it denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. HGC admits that it is incorporated in the State of Delaware. HGC denies all other factual allegations in Paragraph 9.

## BACKGROUND AND FACTS

10.      HGC admits that U.S. Patent No. 9,112,120 (the "'120 Patent") is titled "White Light Source and White Light Source System Including the Same," issued on August 18, 2015, and a copy of what purports to be the patent is attached to the Complaint as Exhibit A.  HGC is

- 2 -

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, on that basis, denies such allegations.

11.     HGC admits that U.S. Patent No. 11,622,509 (the "'509 Patent") is entitled "Light Source for Plant Cultivation," issued on April 11, 2023, and a copy of what purports to be the patent is attached to the Complaint as Exhibit B.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, on that basis, denies such allegations.

12.     HGC admits that U.S. Patent No. 12,078,302 (the "'302 Patent") is entitled "Light Source for Plant Cultivation and Plant Cultivation Device," issued on September 3, 2024, and a copy of what purports to be the patent is attached to the Complaint as Exhibit C.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, on that basis, denies such allegations.

13.     HGC admits that U.S. Patent No. 12,218,290 (the "'290 Patent") is entitled "LED Lighting Apparatus Having Improved Color Rendering and LED Filament," issued on February 4, 2025, and a copy of what purports to be the patent is attached to the Complaint as Exhibit D.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, on that basis, denies such allegations.

14.     HGC admits that U.S. Patent No. 7,397,069 (the "'069 Patent") is entitled "Semiconductor Device," issued on July 8, 2008, and a copy of what purports to be the patent is attached to the Complaint as Exhibit E.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, on that basis, denies such allegations.

ME1 53375657v.1

15.     HGC admits that U.S. Patent No. 9,269,868 (the "'868 Patent") is entitled "Semiconductor Light Emitting Element and Method For Manufacturing Semiconductor Light Emitting Element," issued on February 23, 2016, and a copy of what purports to be the patent is attached to the Complaint as Exhibit F.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and, on that basis, denies such allegations.

16.     HGC admits that U.S. Patent No. 7,667,225 (the "'225 Patent") is entitled "Light Emitting Device," issued on February 23, 2010, and a copy of what purports to be the patent is attached to the Complaint as Exhibit G.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, on that basis, denies such allegations.

17.     HGC admits that U.S. Patent No. 9,716,210 (the "'210 Patent") is entitled "Light Emitting Diode and Method of Fabricating the Same," issued on July 25, 2017, and a copy of what purports to be the patent is attached to the Complaint as Exhibit H.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, on that basis, denies such allegations.

18.     HGC admits that U.S. Patent No. 10,418,514 (the "'514 Patent") is entitled "Light Emitting Diode and Method of Fabricating the Same," issued on September 17, 2019, and a copy of what purports to be the patent is attached to the Complaint as Exhibit I.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, on that basis, denies such allegations.

19.     HGC admits that U.S. Patent No. 8,981,410 (the "'410 Patent") is entitled "Distributed Bragg Reflector for Reflecting Light of Multiple Wavelengths from an LED," issued

- 4 -

on March 17, 2015, and a copy of what purports to be the patent is attached to the Complaint as Exhibit J. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, on that basis, denies such allegations.

20.     HGC admits that U.S. Patent No. 9,269,871 (the "'871 Patent") is entitled "Light Emitting Diode," issued on February 23, 2016, and a copy of what purports to be the patent is attached to the Complaint as Exhibit K. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, on that basis, denies such allegations.

## HGC'S KNOWLEDGE OF THE PATENTS AND ITS INFRINGEMENT

21.     HGC admits that it received a letter from counsel for Seoul Semiconductor on or about November 11, 2024 in which it alleged that HGC's product, Gavita Pro RS 2400e LED 208-480V HGC906409 ("Gavita product") infringes one or more patents purportedly owned by Seoul Semiconductor. Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or otherwise ultimately provided by Seoul. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, on that basis, denies such allegations.

22.     HGC admits that it received a letter from counsel for Seoul Semiconductor on or about December 11, 2024 in which it alleged that the Gavita product infringes one or more patents purportedly owned by Seoul Semiconductor. Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or otherwise ultimately provided by Seoul. HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, on that basis, denies such allegations.

- 5 -

ME1 53375657v.1

23.     HGC admits that a law firm representing The Scotts Miracle-Gro Company sent a letter to Seoul Semiconductor on or about December 20, 2024.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, on that basis, denies such allegations.

24.     HGC admits that it received a letter from counsel for Seoul Semiconductor on or about January 6, 2025 in which it alleged that the Gavita product infringes one or more patents purportedly owned by Seoul Semiconductor.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or otherwise ultimately provided by Seoul.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, on that basis, denies such allegations.

25.     HGC admits that it received a letter and what purported to be claim charts from counsel for Seoul on or about March 24, 2025.  HGC also admits that that letter states, in part, "[w]e have not received any response from you or your client, Hawthorne Gardening Company, indicating how it intends to cease patent infringing activities."  HGC admits that the letter alleged that the Gavita product infringes one or more patents purportedly owned by Seoul Semiconductor.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.  HGC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, on that basis, denies such allegations.

## MARKING

26.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, denies such allegations.

- 6 -

27.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, on that basis, denies such allegations.

28.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, denies such allegations.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 9,112,120
## EXEMPLARY CLAIM 1

29.    HGC denies the allegations in Paragraph 29.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

30.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, on that basis, denies such allegations.

31.    HGC denies the allegations in Paragraph 31.

32.    HGC denies the allegations in Paragraph 32.

33.    HGC denies the allegations in Paragraph 33.

## COUNT 2
## INFRINGEMENT OF U.S. PATENT NO. 11,622,509
## EXEMPLARY CLAIM 10

34.    HGC denies the allegations in Paragraph 34.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

35.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, on that basis, denies such allegations.

36.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, on that basis, denies such allegations.

37.    HGC denies the allegations in Paragraph 37.

- 7 -

38.     HGC denies the allegations in Paragraph 38.

39.     HGC denies the allegations in Paragraph 39.

## COUNT 3
## INFRINGEMENT OF U.S. PATENT NO. 12,078,302
## EXEMPLARY CLAIM 11

40.     HGC denies the allegations in Paragraph 40.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

41.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, denies such allegations.

42.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, denies such allegations.

43.     HGC denies the allegations in Paragraph 43.

44.     HGC denies the allegations in Paragraph 44.

45.     HGC denies the allegations in Paragraph 45.

## COUNT 4
## INFRINGEMENT OF U.S. PATENT NO. 12,218,290
## EXEMPLARY CLAIM 14

46.     HGC denies the allegations in Paragraph 46.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

47.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, on that basis, denies such allegations.

48.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, on that basis, denies such allegations.

49.     HGC denies the allegations in Paragraph 49.

- 8 -

50.    HGC denies the allegations in Paragraph 50.

51.    HGC denies the allegations in Paragraph 51.

## COUNT 5
## INFRINGEMENT OF U.S. PATENT NO. 7,397,069
## EXEMPLARY CLAIM 1

52.    HGC denies the allegations in Paragraph 52.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

53.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, on that basis, denies such allegations.

54.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, on that basis, denies such allegations.

55.    HGC denies the allegations in Paragraph 55.

56.    HGC denies the allegations in Paragraph 56.

57.    HGC denies the allegations in Paragraph 57.

## COUNT 6
## INFRINGEMENT OF U.S. PATENT NO. 9,269,868
## EXEMPLARY CLAIM 1

58.    HGC denies the allegations in Paragraph 58.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

59.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and, on that basis, denies such allegations.

60.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, on that basis, denies such allegations.

61.    HGC denies the allegations in Paragraph 61.

- 9 -

62.     HGC denies the allegations in Paragraph 62.

63.     HGC denies the allegations in Paragraph 63.

## COUNT 7
## INFRINGEMENT OF U.S. PATENT NO. 7,667,225
## EXEMPLARY CLAIM 1

64.     HGC denies the allegations in Paragraph 64.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

65.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, on that basis, denies such allegations.

66.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, on that basis, denies such allegations.

67.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, on that basis, denies such allegations.

68.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, on that basis, denies such allegations.

69.     HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, on that basis, denies such allegations.

70.     HGC denies the allegations in Paragraph 70.

71.     HGC denies the allegations in Paragraph 71.

72.     HGC denies the allegations in Paragraph 72.

- 10 -

### COUNT 8
### INFRINGEMENT OF U.S. PATENT NO. 9,716,210
### EXEMPLARY CLAIM 1

73.    HGC denies the allegations in Paragraph 73.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

74.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, denies such allegations.

75.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, on that basis, denies such allegations.

76.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, on that basis, denies such allegations.

77.    HGC denies the allegations in Paragraph 77.

78.    HGC denies the allegations in Paragraph 78.

79.    HGC denies the allegations in Paragraph 79.

### COUNT 9
### INFRINGEMENT OF U.S. PATENT NO. 10,418,514
### EXEMPLARY CLAIM 1

80.    HGC denies the allegations in Paragraph 80.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

81.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, on that basis, denies such allegations.

82.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, on that basis, denies such allegations.

ME1 53375657v.1

83.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, on that basis, denies such allegations.

84.    HGC denies the allegations in Paragraph 84.

85.    HGC denies the allegations in Paragraph 85.

86.    HGC denies the allegations in Paragraph 86.

## COUNT 10
## INFRINGEMENT OF U.S. PATENT NO. 8,981,410
## EXEMPLARY CLAIM 1

87.    HGC denies the allegations in Paragraph 87.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

88.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, on that basis, denies such allegations.

89.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, on that basis, denies such allegations.

90.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, on that basis, denies such allegations.

91.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, denies such allegations.

92.    HGC denies the allegations in Paragraph 92.

93.    HGC denies the allegations in Paragraph 93.

94.    HGC denies the allegations in Paragraph 94.

ME1 53375657v.1

## COUNT 11
## INFRINGEMENT OF U.S. PATENT NO. 9,269,871
## EXEMPLARY CLAIM 1

95.    HGC denies the allegations in Paragraph 95.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

96.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, on that basis, denies such allegations.

97.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, on that basis, denies such allegations.

98.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, denies such allegations.

99.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, on that basis, denies such allegations.

100.    HGC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, on that basis, denies such allegations.

101.    HGC denies the allegations in Paragraph 101.

102.    HGC denies the allegations in Paragraph 102.

103.    HGC denies the allegations in Paragraph 103.

### PRAYER FOR RELIEF

HGC denies that Seoul is entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–H of Seoul's Prayer for Relief.

### JURY DEMAND

Seoul's demand for a trial by jury does not require a response by HGC.

- 13 -

ME1 53375657v.1

**DEFENSES**

HGC incorporates by reference as if fully set forth herein its responses to Paragraphs 1–103 of Seoul's Complaint. To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied. Without assuming any burden other than that imposed by operation of law and without reducing or removing Seoul's burdens of proof on its affirmative claims, HGC alleges and asserts the following defenses in response to Seoul's Complaint and HGC's assertion of infringement of the '120 Patent, '509 Patent, '302 Patent, '290 Patent, '069 Patent, '868 Patent, '225 Patent, '210 Patent, '514 Patent, '410 Patent, and '871 Patent (collectively "Asserted Patents"), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Additionally, HGC specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST SEPARATE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

1.    Seoul has failed to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**
**(NON-INFRINGEMENT)**

2.    HGC has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

**THIRD SEPARATE DEFENSE**
**(INVALIDITY)**

3.    The claims of the Asserted Patents are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability set forth in Title 35, United

- 14 -

States Code, including but not limited to 35 U.S.C. §§ 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions.

## FOURTH SEPARATE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.      HGC is precluded from construing any valid claim of the Asserted Patents to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the Asserted Patents, (b) in the specification and claims of the Asserted Patents, and/or (c) during the prosecution of patents and applications related to the Asserted Patents.

## FIFTH SEPARATE DEFENSE
### (EXPRESS OR IMPLIED LICENSE AND PATENT EXHAUSTION)

5.      HGC's claims for relief are barred, in whole or in part, under the doctrine of patent exhaustion and to the extent that the accused products and/or functionalities are covered by a license for the Asserted Patents.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.  To the extent HGC's vendors, partners, or other upstream and downstream suppliers have entered into patent license agreements covering the Asserted Patents, HGC's use or purchase of LED chips or other lighting components from those vendors or partners during the terms of those agreements is authorized under those agreements and, therefore, non-infringing as a matter of law.

6.      Seoul's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

- 15 -

## SIXTH SEPARATE DEFENSE
### (EQUITABLE BARS – UNENFORCEABILITY)

7.      Seoul's claims for relief are barred, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, patent misuse, and/or unclean hands  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

## SEVENTH SEPARATE DEFENSE
### (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

8.      Seoul is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Seoul has failed to show, and cannot show, that any alleged infringement has been willful and/or egregious.

## EIGHTH SEPARATE DEFENSE
### (LIMITATION ON DAMAGES)

9.      Seoul's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

10.      To the extent that Seoul, its alleged predecessor(s)-in-interest to the Asserted Patents, or any licensee of the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that HGC's actions allegedly infringed any claim of the Asserted Patents, HGC is not liable to Seoul for the acts alleged to have been performed before HGC received actual notice of infringement. On information and belief, Seoul's claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## NINTH SEPARATE DEFENSE
### (COSTS)

11.      Seoul is precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

- 16 -

ME1 53375657v.1

- 17 -

## TENTH SEPARATE DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

12.     Seoul is not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 547 U.S. 388 (2006), any alleged injury to Seoul would not be immediate or irreparable, Seoul would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## RESERVATION OF ADDITIONAL DEFENSES

13.     HGC reserves the right to add additional defenses, including further allegations of inequitable conduct, consistent with the facts discovered in this case.

- 17 -

ME1 53375657v.1

## COUNTERCLAIMS

Hawthorne Gardening Co. ("HGC") sets forth the following Counterclaims against Plaintiffs Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") and Seoul Viosys Co., Ltd. ("Seoul Viosys," and collectively with Seoul Semiconductor, "Seoul"). HGC incorporates by reference all of the allegations and averments in its Answer and Defenses.

## PARTIES

1. HGC is a Delaware corporation with its principal place of business at 800 Port Washington Blvd., Port Washington, NY 11050.

2. Upon information and belief based on the allegations in the Complaint, Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 1B-25, 727, Wonsi-dong, Danwongu, Ansan-city, Gyeonggi-do, Korea 425-851.

3. Upon information and belief based on the allegations in the Complaint, Plaintiff Seoul Viosys is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro 163 beon-gil, Danwongu, Ansan-city, Gyeonggi-do, Korea 425-851. Seoul Viosys is a subsidiary of Seoul Semiconductor.

## JURISDICTION AND VENUE

4. Seoul filed a Complaint in this Court against HGC alleging infringement, under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, of United States Patent Nos. 9,112,120 ("the '120 Patent"); 11,622,509 ("the '509 Patent"); 12,078,302 ("the '302 Patent"); 12,218,290 ("the '290 Patent"); 7,397,069 ("the '069 Patent"); 9,269,868 ("the '868 Patent"); 7,667,225 ("the '225 Patent"); 9,716,210 ("the '210 Patent"); 10,418,514 ("the '514 Patent"); 8,981,410 ("the '410 Patent"); and 9,269,871 ("the '871 Patent").

ME1 53375657v.1

5. Seoul alleges in the Complaint that they are the owner by assignment of all right, title, and interest in the Asserted Patents, and that they have the full and exclusive right to bring suit to enforce each Asserted Patent, including the right to recover for past infringement.

6. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. This Court has personal jurisdiction over Seoul at least because it voluntarily submitting to and employed the jurisdiction of this Court by filing its Complaint.

8. Venue is proper in this District solely for the purposes of these Counterclaims under 28 U.S.C. §§ 1391(b)-(c). Upon information and belief, Seoul is incorporated and resides in the Republic of Korea. Seoul alleged in its Complaint that venue is proper in this District, and voluntarily submitted to the jurisdiction of this Court by filing its Complaint.

**COUNTERCLAIM 1:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,112,120**

9. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

10. HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '120 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products. Upon information and belief, the LEDs used in HGC's product, Gavita Pro RS 2400e LED 208-480V HGC906409 ("Gavita product") utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

ME1 53375657v.1

11.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '120 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

12.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '120 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '120 Patent.

## COUNTERCLAIM 2:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,112,120

13.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

14.    The '120 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

15.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '120 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

16.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '120 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '120 Patent are invalid.

## COUNTERCLAIM 3:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 11,622,509

17.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 20 -

18.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '509 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

19.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '509 Patent, including with respect to at least asserted Claim 10, and any other claims that Seoul may assert in this action.

20.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '509 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 10, and any other claims that Seoul may assert in this action, of the '509 Patent.

**COUNTERCLAIM 4:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 11,622,509**

21.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

22.    The '509 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

23.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '509 Patent, including with respect to at least asserted Claim 10, and any other claims that Seoul may assert in this action.

- 21 -

24.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '509 Patent.  HGC seeks a declaration by the Court that Claim 10, and any other claims that Seoul may assert in this action, of the '509 Patent are invalid.

**COUNTERCLAIM 5:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 12,078,302**

25.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

26.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '302 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

27.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '302 Patent, including with respect to at least asserted Claim 11, and any other claims that Seoul may assert in this action.

28.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '302 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 11, and any other claims that Seoul may assert in this action, of the '302 Patent.

**COUNTERCLAIM 6:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 12,078,302**

29.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 22 -

ME1 53375657v.1

30.     The '302 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

31.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '302 Patent, including with respect to at least asserted Claim 11, and any other claims that Seoul may assert in this action.

32.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '302 Patent.  HGC seeks a declaration by the Court that Claim 11, and any other claims that Seoul may assert in this action, of the '302 Patent are invalid.

## COUNTERCLAIM 7:
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 12,218,290

33.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

34.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '290 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

35.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '290 Patent, including with respect to at least asserted Claim 14, and any other claims that Seoul may assert in this action.

36.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '290 Patent and the accused products.  HGC seeks a declaration by the Court

- 23 -

ME1 53375657v.1

that it has not infringed and is not infringing Claim 14, and any other claims that Seoul may assert in this action, of the '290 Patent.

## COUNTERCLAIM 8:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 12,218,290

37.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

38.    The '290 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

39.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '290 Patent, including with respect to at least asserted Claim 14, and any other claims that Seoul may assert in this action.

40.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '290 Patent.  HGC seeks a declaration by the Court that Claim 14, and any other claims that Seoul may assert in this action, of the '290 Patent are invalid.

## COUNTERCLAIM 9:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,397,069

41.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

42.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '069 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

- 24 -

ME1 53375657v.1

43. An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '069 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

44. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '069 Patent and the accused products. HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '069 Patent.

**COUNTERCLAIM 10:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 7,397,069**

45. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

46. The '069 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

47. An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '069 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

48. A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '069 Patent. HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '069 Patent are invalid.

**COUNTERCLAIM 11:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 9,269,868**

49. To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 25 -

50.     HGC is not infringing and has not infringed, either literally or under the doctrine

equivalents, any valid and enforceable, properly construed claim of the '868 Patent at least because

one or more limitations required by each claim is missing from and/or has not been shown through

the allegations of the Complaint to be included in the accused products.  Upon information and

belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered

for sale, sold, distributed or ultimately otherwise provided by Seoul.

51.     An actual and justiciable controversy exists between HGC and Seoul with respect

to non-infringement of the '868 Patent, including with respect to at least asserted Claim 1, and any

other claims that Seoul may assert in this action.

52.     A judicial declaration is necessary and appropriate so that HGC may ascertain its

rights regarding the '868 Patent and the accused products.  HGC seeks a declaration by the Court

that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert

in this action, of the '868 Patent.

**COUNTERCLAIM 12:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,269,868**

53.     To the extent not inconsistent, HGC incorporates by reference the allegations of

its Answer, Defenses, and Counterclaims, as if fully set forth herein.

54.     The '868 Patent is invalid for failing to comply with one or more requirements of

Title 35, United States Code, including at least §§ 102, 103, and/or 112.

55.     An actual and justiciable controversy exists between HGC and Seoul with respect

to the alleged infringement and validity of the '868 Patent, including with respect to at least

asserted Claim 1, and any other claims that Seoul may assert in this action.

- 26 -

56.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '868 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '868 Patent are invalid.

## COUNTERCLAIM 13:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 7,667,225

57.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

58.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '225 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

59.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '225 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

60.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '225 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '225 Patent.

## COUNTERCLAIM 14:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 7,667,225

61.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 27 -

ME1 53375657v.1

62.    The '225 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

63.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '225 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

64.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '225 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '225 Patent are invalid.

## COUNTERCLAIM 15:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 9,716,210

65.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

66.    HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '210 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

67.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '210 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

68.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '210 Patent and the accused products.  HGC seeks a declaration by the Court

- 28 -

that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '210 Patent.

## COUNTERCLAIM 16:
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. 9,716,210

69.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

70.     The '210 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

71.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '210 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

72.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '210 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '210 Patent are invalid.

## COUNTERCLAIM 17:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 10,418,514

73.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

74.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '514 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

- 29 -

75.    An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '514 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

76.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '514 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '514 Patent.

**COUNTERCLAIM 18:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 10,418,514**

77.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

78.    The '514 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

79.    An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '514 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

80.    A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '514 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '514 Patent are invalid.

**COUNTERCLAIM 19:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 8,981,410**

81.    To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

ME1 53375657v.1

82.     HGC is not infringing and has not infringed, either literally or under the doctrine

equivalents, any valid and enforceable, properly construed claim of the '410 Patent at least because

one or more limitations required by each claim is missing from and/or has not been shown through

the allegations of the Complaint to be included in the accused products.  Upon information and

belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered

for sale, sold, distributed or ultimately otherwise provided by Seoul.

83.     An actual and justiciable controversy exists between HGC and Seoul with respect

to non-infringement of the '410 Patent, including with respect to at least asserted Claim 1, and any

other claims that Seoul may assert in this action.

84.     A judicial declaration is necessary and appropriate so that HGC may ascertain its

rights regarding the '410 Patent and the accused products.  HGC seeks a declaration by the Court

that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert

in this action, of the '410 Patent.

**COUNTERCLAIM 20:**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 8,981,410**

85.     To the extent not inconsistent, HGC incorporates by reference the allegations of

its Answer, Defenses, and Counterclaims, as if fully set forth herein.

86.     The '410 Patent is invalid for failing to comply with one or more requirements of

Title 35, United States Code, including at least §§ 102, 103, and/or 112.

87.     An actual and justiciable controversy exists between HGC and Seoul with respect

to the alleged infringement and validity of the '410 Patent, including with respect to at least

asserted Claim 1, and any other claims that Seoul may assert in this action.

- 31 -

88.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '410 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '410 Patent are invalid.

### COUNTERCLAIM 21:
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 9,269,871

89.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

90.     HGC is not infringing and has not infringed, either literally or under the doctrine equivalents, any valid and enforceable, properly construed claim of the '871 Patent at least because one or more limitations required by each claim is missing from and/or has not been shown through the allegations of the Complaint to be included in the accused products.  Upon information and belief, the LEDs used in the Gavita product utilize LED chips that are made by, made for, offered for sale, sold, distributed or ultimately otherwise provided by Seoul.

91.     An actual and justiciable controversy exists between HGC and Seoul with respect to non-infringement of the '871 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

92.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '871 Patent and the accused products.  HGC seeks a declaration by the Court that it has not infringed and is not infringing Claim 1, and any other claims that Seoul may assert in this action, of the '871 Patent.

### COUNTERCLAIM 22:
### DECLARATORY JUDGMENT OF INVALIDITY
### OF U.S. PATENT NO. 9,269,871

93.     To the extent not inconsistent, HGC incorporates by reference the allegations of its Answer, Defenses, and Counterclaims, as if fully set forth herein.

- 32 -

- 33 -

94.     The '871 Patent is invalid for failing to comply with one or more requirements of Title 35, United States Code, including at least §§ 102, 103, and/or 112.

95.     An actual and justiciable controversy exists between HGC and Seoul with respect to the alleged infringement and validity of the '871 Patent, including with respect to at least asserted Claim 1, and any other claims that Seoul may assert in this action.

96.     A judicial declaration is necessary and appropriate so that HGC may ascertain its rights regarding the '871 Patent.  HGC seeks a declaration by the Court that Claim 1, and any other claims that Seoul may assert in this action, of the '871 Patent are invalid.

## DEMAND FOR JURY TRIAL

HGC hereby demands a trial by jury of all issues so triable.

ME1 53375657v.1

- 34 -

## PRAYER FOR RELIEF

HGC, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

A. A declaration that HGC did not infringe, has not infringed, and does not infringe any valid and enforceable claim of the '120, '509, '302, '290, '069, '868, '225, '210, '514, '410, and '871 Patents;

B. A declaration that the claims of the '120, '509, '302, '290, '069, '868, '225, '210, '514, '410, and '871 Patents are invalid;

C. An order dismissing Seoul's Complaint with prejudice, and adjudging that Seoul take nothing by its Complaint;

D. An order declaring that HGC is the prevailing party and that this case is exceptional under 35 U.S.C. § 285, other statutes or rules, or the general power of the Court, and an award to HGC of its costs and attorneys' fees in connection with this action;

E. An order awarding HGC its costs and expenses in this action;

F. An injunction against Seoul and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Seoul from charging infringement or instituting any legal action for infringement of the '120, '509, '302, '290, '069, '868, '225, '210, '514, '410, and '871 Patents or any related patent against HGC or anyone acting in privity with HGC; and

G. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

- 34 -

ME1 53375657v.1

- 35 -

Dated: June 2, 2025

MCCARTER & ENGLISH, LLP

*/s/ Alexandra M. Joyce*

OF COUNSEL:

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)

Arthur P. Licygiewicz
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: 214-855-8000
Fax: 214-855-8200
art.licygiewicz@nortonrosefulbright.com

Maliheh Zare (#7133)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

Catherine Garza
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
Tel: 512-536-3114
Fax: 512-536-4598
cat.garza@nortonrosefulbright.com

*Attorneys for Defendant*
*Hawthorne Gardening Company*

- 35 -

ME1 53375657v.1